# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:13CR00016 |
| v. | ) | **OPINION** |
| **JAMEL CHAWLONE BROWN,** | ) | By: James P. Jones |
| Defendant. | ) | United States District Judge |

*Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia for United States; Jamel Chawlone Brown, Pro Se Defendant.*

The defendant, Jamel Chawlone Brown, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on a claim of ineffective assistance of counsel. The government filed a Motion to Dismiss and Brown responded. Accordingly, this matter is ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

Brown, who was a federal inmate at the time, and a codefendant were indicted on charges related to introducing heroin into the prison. Brown was charged with possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(1) and (d)(1)(C) ("Count One"), and possession of heroin, in violation of 21 U.S.C. § 844(a) ("Count Four"). The government prepared a proposed plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of

Criminal Procedure, in which Brown would plead guilty to Count One, the government would dismiss Count Four, and both Brown and the government would "agree that a sentence that includes a 60 month term of imprisonment and a term of three years of supervised release [was] the appropriate disposition of this case." Proposed Plea Agreement 2, ECF No. 83-3.

Brown's counsel advised Brown not to accept the proposed plea agreement. Beck Decl. ¶ 5, ECF No. 136. Counsel calculated Brown's advisory guideline range as 24 to 30 months, based on a Total Offense Level of 11 and a Criminal History Category of V. *Id.* Accordingly, counsel suggested that Brown plead guilty without a plea agreement, because although there was "some risk of an above guideline sentence based on his criminal history" counsel "did not think it likely that his sentence would exceed 60 months." *Id.* In addition, counsel filed a Motion for Determination of a Matter of Law to Insure a Voluntary and Well Informed Guilty Plea, to determine whether Brown would qualify as a career offender under the Guidelines. Mot. 3, ECF No. 48. The government responded, acknowledging that Brown did not qualify as a career offender. Resp. 1, ECF No. 51.

A guilty plea hearing was held on March 5, 2014. The government explained that Brown faced a maximum statutory penalty of 20 years' imprisonment on Count One and three years' imprisonment on Count Four. Plea

- 2 -

Case 2:13-cr-00016-JPJ-RSB   Document 145   Filed 03/13/17   Page 2 of 7   Pageid#: 764

Hr'g Tr. at 6, ECF No. 128. Brown stated that he understood. *Id*. I informed Brown that the Sentencing Guidelines were "not binding," and I had "the authority to impose a sentence that is more severe or, . . . less severe than the sentencing range called for by the[] guidelines[.]" *Id*. at 7, 8. Brown again affirmed that he understood. *Id*. at 8. Brown stated that he wanted to plead guilty to the charges in the Indictment because he was, in fact, guilty. *Id*. at 12. I found him fully competent and capable of entering an informed plea and that his plea was knowingly and voluntarily made. *Id*.

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR originally recommended a Total Offense Level of 28, which included a two-point enhancement for obstruction of justice and no reduction for acceptance of responsibility, and a Criminal History Category of V, resulting in an advisory guideline range of 130 to 162 months' incarceration. Defense counsel filed numerous objections to the PSR, including an objection to the Total Offense Level, arguing that U.S. Sentencing Guidelines Manual ("USSG") § 2P1.2(c) had been improperly applied. Sentencing Mem. 2-9, ECF No. 83. Instead, defense counsel argued that Brown's Total Offense Level was 11, resulting in a guideline range of 24-30 months. *Id*. at 1. The government responded, agreeing that a Total Offense Level of 26 had been incorrectly applied, but arguing that the correct Total Offense Level was 25. The government also

filed a motion for an upward variance, arguing for 276 months of incarceration. Mot. 6, ECF No. 76. Defense counsel filed a Sentencing Memorandum in opposition.

An amended PSR was prepared by the probation officer, concluding that Brown's Total Offense Level was 15, resulting in a sentencing guideline range of 37 to 46 months. PSR ¶ 53, ECF No. 116. At Brown's sentencing hearing, the government argued that Brown's Total Offense Level was 27, resulting in a much higher guideline range than that calculated in the amended PSR. Sentencing Hr'g Tr. 54, ECF No. 121. I continued the sentencing hearing, so that I could determine the appropriate sentencing guideline range. *Id*. at 62.

In a July 23, 2014, Opinion and Order, I determined that Brown's Total Offense Level was 26 and his Criminal History Category was V, resulting in an advisory guideline range of 110 to 137 months. Order 17, ECF No. 101. At Brown's continued sentencing hearing, I sentenced Brown to 110 months' incarceration, concluding that a within-guidelines sentence was appropriate. Continued Sentencing Hr'g Tr. 10, ECF No. 122. I found that his motive for obtaining heroin in the prison was to distribute it, a "particularly serious crime" with the "potential for great harm." *Id*. at 9. In addition, I noted Brown's serious criminal history and the fact that he had manipulated his young codefendant into bringing drugs to the prison, which caused her serious consequences. *Id*. For

those reasons, I stated that even if "the correct guideline range [were] 37 to 46 months" as provided in the PSR, "I would have varied upward to the [110 month] sentence that I'm prepared to impose." *Id*.

Brown appealed his sentence, challenging the calculation of his guideline range, among other alleged errors. *United States v. Brown*, 614 F. App'x 632 (4th Cir. 2015) (unpublished). The Fourth Circuit affirmed Brown's sentence. *Id*. at 636. It did not reach the guidelines calculation issue, concluding that even if an error had occurred, it was harmless because I made clear that I would have imposed the same sentence, even under the lower guideline range. *Id*. at 633. Brown filed a petition for a writ of certiorari with Supreme Court, which was denied. *Brown v. United States*, 136 S. Ct. 282 (2015).

In his § 2255 motion, Brown alleges that he received ineffective assistance because his counsel advised him to reject the proposed plea agreement and plead guilty without a plea agreement, which resulted in a sentence 50 months higher than that provided in the proposed plea agreement.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Brown bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Brown argues that his counsel was ineffective for advising him to reject the proposed Rule 11(c)(1)(C) plea agreement, which stipulated to a 60-month sentence, failing to explain to him the benefits of signing the plea agreement, and miscalculating the guideline range that he would actually face. These claims lack merit.

Brown cannot establish prejudice. I stated that I would have imposed the same 110 month sentence, even if the guideline range had been 37 to 46 months. This would have been true even if Brown had signed a Rule 11(c)(1)(C) plea agreement. Rule 11(c)(1)(C) plea agreements must be approved by the court. *See* Fed. R. Crim. P. 11(c)(1)(C) (the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement"). I would not have accepted the proposed plea agreement, however, for the reasons that I articulated during Brown's continued sentencing hearing, namely the seriousness of bringing drugs into a prison, the potential for great harm, his criminal history and manipulation of his codefendant. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012)

(noting that to establish prejudice, a defendant must show that "the court would have accepted [the plea agreement's] terms").

In addition, Brown makes no claim that had counsel advised him that his guideline range was 110 to 137 months, he would have withdrawn his guilty plea and proceeded to trial. To the contrary, Brown asserts only that he would have signed the proposed plea agreement, Brown Aff. ¶ 8, ECF No. 136, and requests that I "require the government to re-offer the plea deal," § 2255 Mot. 12, ECF No. 136. However, as explained above, I would not have accepted the proposed plea agreement. Accordingly, Brown has failed to establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

    DATED: March 13, 2017

    /s/ James P. Jones
    United States District Judge